UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GARY DON THOMPSON #34062     CIVIL ACTION NO. 10-cv-0760

VERSUS     JUDGE STAGG

BEN'S HALFWAY HOUSE, ET AL     MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Gary Don Thompson ("Plaintiff"), who is self-represented, alleges that he was being treated at the Overton Brooks VA Medical Center for drug rehabilitation when he was referred to Ben's Halfway House as part of the rehabilitation process. Plaintiff alleges that he was on the back porch at Ben's when he tripped on some roofing material that was not nailed down, and he fell off the porch, injuring his neck and back. Plaintiff complains that an ambulance took him to the VA Medical Center, but the facility refused to accept him, and the ambulance had to take Plaintiff to the nearby LSU Medical Center.

There was initially ambiguity about which persons Plaintiff wished to name as defendants. Plaintiff's efforts to name the VA Medical Center or United States failed because he had not previously exhausted his administrative remedies under the Federal Tort Claims Act. All defendants were eventually dismissed except for Step Up, Inc. and Trinity Utilities, LLC, both of which were thought to own or operate the Ben's facility. See Doc. 28. Trinity was granted summary judgment based on evidence that it did not purchase the

property until several months after the alleged accident, and it had no involvement with the facility at the time of the accident. Docs. 42 and 48.

The final defendant Step Up, Inc., now presents a Motion to Dismiss (Doc. 51) based on a lack of subject-matter jurisdiction and for failure to state a claim on which relief may be granted. The court will first assess jurisdiction. If it is found, the merits-based defense will be addressed.

**Jurisdiction**

The only apparent basis for subject matter jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. The record suggests that Plaintiff is a citizen of Texas and that Step Up is a Louisiana citizen. Step Up contends that there is nonetheless no diversity jurisdiction because the pleadings do not contain sufficient facts to demonstrate an amount in controversy in excess of $75,000.

Plaintiff alleges an unspecified injury to his neck and back, which was treated once at LSU and was the subject of one physical therapy visit to the VA. Plaintiff alleges that he requested additional physical therapy, but he never heard back from the VA. His original complaint asks for $191,000 from the VA and only $50,000 from Ben's Halfway House. A later submission increased the amount sought from Ben's from $50,000 to $91,000. A later submission increased the amount to $243,000.

When a plaintiff files suit in federal court, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. Mercury Indemnity Co. v. Red Cab Co., 58

S.Ct. 586 (1938). It must appear to a legal certainty that the plaintiff's claim is really for less than the jurisdictional amount to justify a dismissal for lack of subject-matter jurisdiction. 14AA Wright, Miller & Cooper, Fed. Practice & Proc.: Juris. § 3702 (4th ed.).

If this were a removed case, where the defendant had the burden of establishing by a preponderance of the evidence that the amount in controversy was satisfied, the facts presented would not likely suffice. In this setting, however, where Plaintiff's demand must be honored unless foreclosed to a legal certainty, jurisdiction is present. Plaintiff alleges unspecified neck and back injuries from a fall which required an ambulance trip for emergency treatment, followed by one round of physical therapy and the denial of multiple requests for more therapy despite ongoing, agonizing pain and suffering. An award of $75,000 may not be likely under those facts, but it is not foreclosed.

**Statement of a Claim**

The next issue is whether Plaintiff has stated a claim upon which relief may be granted. To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The factual allegations must "raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. "[P]ro se complaints are held to less stringent standards than those drafted by lawyers," but even in a pro se complaint "conclusory allegations or legal conclusions

masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir.2002).

Plaintiff has filed numerous submissions, some of which have been treated as amended complaints, but he has focused most of his attention on the complaint that the VA refused to provide him emergency treatment. The trip and fall that brought about the need for treatment has received little attention. The original complaint's only statement with regard to the accident was: "I trip on some roofing material that was not nailed down and I fell off the back porch." A similar, brief allegation of this sort has been included in other pleadings. No additional facts about the setting, the materials, or the knowledge of the managers of the property have been offered.

A trip and fall case where an object, such as roofing materials, causes a fall is based in negligence pursuant to La. C.C. art. 2315, as the case does not involve a defect in the premises so that La. C.C. art. 2317 would apply. That is because the presence of the object does not create a vice or defect inherent in the thing itself. Bridgefield Casualty Ins. Co. v. JES, Inc., 29 So. 3d 570, 573 (La. App. 1st Cir. 2009). Under Art. 2315, there is a universal duty on the part of the defendant in negligence cases to use reasonable care so as to avoid injury to another. Negligence requires the risk to be both unreasonable and foreseeable. Id.

Plaintiff has not articulated facts to present a plausible scenario in which the owner of the Ben's facility would be negligent and liable for his fall. We know only that Plaintiff tripped on some roofing material, but the mere fact of an accident does not equate to

negligence on the part of the owner or operator of the premises. It is also not clear why Plaintiff appears to complain that the roofing material was not nailed down. One would not ordinarily expect to encounter nailed down roofing material on a back porch. Perhaps there are missing facts, but it is not for lack of opportunity by Plaintiff to say what he wanted. Plaintiff filed numerous submissions before Step Up appeared, and he has filed an amended complaint and *four* oppositions in response to the motion to dismiss. Yet he has not articulated facts that would present a plausible case of negligence by Step Up. Even considering Plaintiff's self-represented status, his pleadings are inadequate to go forward and consume additional resources of the court and Step Up.

Accordingly,

**IT IS RECOMMENDED** that Step Up, Inc.'s **Motion to Dismiss (Doc. 51)** be **granted** and that all claims against Step Up, Inc. be **dismissed with prejudice** for failure to state a claim on which relief may be granted.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of April, 2011.

　　　　　　　　　　　　　　　　MARK L. HORNSBY
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE