RECEIVED
JUL - 7 2011
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| GARY DON THOMPSON #34062 | CIVIL ACTION NO. 10-0760 |
| VERSUS | JUDGE TOM STAGG |
| BEN'S HALFWAY HOUSE, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

In written objections to the Report and Recommendation of the magistrate judge previously filed herein, the plaintiff attempts to clarify his complaint by adding an allegation about why the roofing material was allegedly present on the back porch. Plaintiff alleges that the material was supposed to provide traction for persons who walk on the porch, but it caused him to fall when he stepped on some that was not nailed down.

This allegation arguably results in plaintiff's claim falling within the purview of Louisiana Civil Code article 2317.1 (defects in things) rather than the article 2315 negligence theory analyzed by the magistrate judge. The result is the same because the concept of strict liability[1] under article 2317.1 no longer exists. Actions under the article now require proof that the thing was owned by the defendant or in the defendant's custody, that the thing contained a defect which presented an unreasonable risk of harm to others, that this defective condition caused the damage, and that the defendant knew or should have known of the

---

[1] "Strict liability is essentially defined as 'liability imposed without regard to the defendant's negligence or intent to harm. [S]trict liability signifies liability without fault, or at least without any proof of fault." Cox v. City of Dallas, Tex., 256 F.3d 281, 290 n.16 (5th Cir. 2001)(citations omitted).

defect. See Nicholson v. Horseshoe Entm't, 58 So.3d 565, 569 (La. App. 2d Cir. 2011). Plaintiff has failed to allege any facts that Step Up, Inc. knew or should have known about the alleged defect, despite numerous opportunities to do so.

For these reasons and those assigned in the Report and Recommendation, and having thoroughly reviewed the record, including the written objections filed, and concurring with the findings of the Magistrate Judge under the applicable law;

**IT IS ORDERED** that Step Up, Inc.'s **Motion to Dismiss (Doc. 51) is granted** and all claims against Step Up, Inc. are **dismissed with prejudice** for failure to state a claim on which relief may be granted.

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 7th day of July, 2011.

TOM STAGG
UNITED STATES DISTRICT JUDGE